UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**FIRST TIME VIDEOS LLC**,

      Petitioner,

    v.

**COMCAST CABLE
COMMUNICATIONS, LLC**,

      Respondent.

Misc. Action No. 12-00354 (CKK)

**ORDER**
(December 9, 2012)

On March 2, 2012, Petitioner First Time Videos, LLC ("First Time") brought a copyright infringement suit against forty-four unnamed John Doe defendants in the U.S. District Court for the Northern District of Illinois, alleging that the defendants conspired with each other and other unnamed individuals to illegally copy and distribute First Time's copyrighted film over the internet via the BitTorrent file sharing protocol. *See* Compl., *First Time Videos LLC v. Does 1-44*, No: 1:12-cv-01530 (N.D. Ill. 2012), ECF No. [1]. The District Court for the Northern District of Illinois granted First Time's motion for expedited discovery to obtain the identifying information of individuals whose Internet Protocol ("IP") addresses were allegedly used in connection with the infringing activity. *See* Order (Mar. 8, 2012), *First Time Videos LLC v. Does 1-44*, No: 1:12-cv-01530 (N.D. Ill. 2012), ECF No. [11]. First Time subsequently served a subpoena, issued out of this Court, to third-party Internet Service Provider ("ISP"), Comcast Cable Communications, LLC ("Comcast"), requiring Comcast to provide the names, addresses, telephone numbers, e-mail addresses, and Media Access Control addresses of the individual owners of the IP addresses. Now, First Time seeks an order compelling compliance with the

subpoena. First Time's motion has been fully briefed and is ripe for resolution.[1] For the below reasons, First Time's motion to compel shall be DENIED.

First Time's motion to compel is the functional equivalent of a motion to quash by Comcast. *Millennium TGA, Inc. v. Comcast Cable Commc'ns LLC*, Misc. A. No. 12-00150 (RLW), 2012 WL 2371426 (D.D.C. June 25, 2012). Federal Rule of Civil Procedure requires that, upon a timely motion, "the issuing court *must* quash or modify a subpoena that … subjects a person to undue burden." FED. R. CIV. P. 45(c)(3)(A)(iv). Here, Comcast argues, *inter alia*, that the subpoena is unduly burdensome because it was served more than one thousand miles from where the action is pending and the subscribers reside. *See* Resp't's Opp'n at 2. Specifically, Comcast asserts that forty-two of the forty-four IP addresses identified by Petitioners are for users located in Illinois, whereas the remaining two addresses are located in Kansas and Missouri. *See id*. at 2, n.2.

In *Millennium TGA, Inc*., Judge Robert L. Wilkins, in ruling upon a nearly identical motion to compel, raised several concerns about enforcing a subpoena in a seemingly arbitrarily selected forum, far away from the underlying copyright action. 2012 WL 2371426, at *4-5. Although the underlying action was pending in Texas, the petitioners in *Millenium* served Comcast with a subpoena issued from the District of Columbia and subsequently moved to compel Comcast's compliance therewith. In opposition, Comcast pointed out, *inter alia*, that of the 351 subscribers whose personal identifying information was sought, only three resided in the

---

[1] The Court denied without prejudice First Time's original motion to compel as procedurally infirm, *see* Order (July 9, 2012), ECF No. [4]. On July 16, 2012, First Time filed a renewed motion to compel. *See* Pet'r's Renewed Mot. to Compel Compliance with Subpoena ("Pet'r's Mot."), ECF No. [6]. Comcast filed an opposition on July 30, 2012, *see* Resp't's Opp'n to Pet'r's Renewed Mot. to Compel Compliance with Subpoena ("Resp't's Opp'n"), and First Time filed its reply on August 6, 2012. *See* Pet'r's Reply to Comcast's Opp'n to Pet'r's Mot. to Compel Compliance with Subpoena ("Pet'r's Reply"), ECF No. [9].

District of Columbia.  Judge Wilkins noted that the D.C. Circuit "has admonished district courts to be 'generally sensitive to the costs imposed upon third parties' when considering a motion to compel (or quash) pursuant to Rule 45" and that "preventing undue burden resulting from 'nonparty territorial inconvenience' is a factor that is required to be considered by the district court." *Id.* at *3-4 (citing *Watts v. S.E.C.*, 482 F.3d 501, 508 (D.C. Cir. 2007); *In re Sealed Case*, 141 F.3d 337, 343 (D.C. Cir. 1998)).  The Court further found that "the burden and inconvenience not just to Comcast, but also to the third-party Comcast subscribers, is a relevant consideration, since those subscribers have a privacy interest in the information sought[,]" and "[t]he district court has an obligation to allow third parties to be heard when their privacy or other rights may be affected by enforcement of the subpoena." *Id*. (citing cases).  Recognizing that ISP subscribers have a right to file and litigate objections, if any, to the subpoena, the Court concluded that forcing subscribers to litigate in a distant forum is unduly burdensome and "completely unnecessary, since the Plaintiff can serve a subpoena upon Comcast in any judicial district where Comcast subscribers reside." *Id*. at *5-6.

Ultimately, the Court in *Millennium* concluded that it is "[in]appropriate to employ the subpoena power of the federal courts to unduly burden nonparties with the expense and obligation of protecting their rights in a forum that is arbitrarily chosen and decidedly inconvenient." *Id*. at 8.  Nonetheless, in acknowledgment of "petitioner's desire to learn the location of potential infringers of its copyrighted material in an efficient fashion," and because "Comcast ha[d] done a preliminary analysis that establishe[d] the location of each of the 351 IP addresses of Comcast subscribers identified in the subpoena," the Court found that Comcast has the ability to, without undue burden, verify the preliminary analysis and provide the city and state of residence for the subscriber associated with each of the 351 requested IP addresses." *Id*.

at 7. Further, the Court held that such information could be turned over to the petitioner without providing notice to the subscribers, since providing the city and state, without more, is not providing personally identifying information as to any subscriber. *Id. See also* 47 U.S.C. § 551(a)(2) ("personally identifiable information" pursuant to the Cable Act does not include information that "does not identify particular persons"). Petitioner "c[ould] then bring an action against the John Does linked to each of those 351 Comcast subscribers in each of the judicial districts where they reside, and Plaintiff c[ould] then serve a subpoena upon Comcast to obtain the identifying information for any subscriber in each of the judicial districts where the subscribers reside[.]" *Id. See also id.* at *1 (observing that the applicable venue statute in copyright actions, 28 U.S.C. § 1400(a) effectively requires every defendant to be a resident of the state of the judicial district where the case is filed).

This Court finds the reasoning set forth in *Millennium TGA Inc.* persuasive and adopts the analysis here. Accordingly, it is, this 9th day of December, 2012, hereby

**ORDERED** that First Time Video's [6] Renewed Motion to Compel Compliance with Subpoena is DENIED; it is further

**ORDERED** that within thirty (30) days from the date of this Order, Comcast shall provide to Plaintiff the city and state of residence for the subscriber associated with each of the forty-four (44) IP addresses sought by the subpoena; and it is further

**ORDERED** that Comcast shall preserve any data related to the forty-four (44) IP addresses for a period of at least 180 days from the date of this Order.

**SO ORDERED.**

\_\_\_\_\_/s/_____
**COLLEEN KOLLAR-KOTELLY**
United States District Judge